United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-130, <br><br> Defendants. <br> _____/ | No. C-11-3826 DMR <br><br> **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY IN PART, SEVERING DOE DEFENDANTS 2-130 FROM ACTION AND DISMISSING CLAIMS AGAINST DOE DEFENDANTS 2-130** |

Plaintiff Hard Drive Productions, Inc. moves the court *ex parte* pursuant to Federal Rules of Civil Procedure 26 and 45 for leave to take expedited discovery so that it may unearth the identities of the as-of-yet unnamed defendants ("Defendants") in this action. For the reasons provided below, the court grants Plaintiff's motion in part, severs Defendants Does 2-130 from this action, and orders that the claims against Does 2-130 be dismissed due to improper joinder.

## I. Background

This action seeks to stop Defendants from reproducing and distributing Plaintiff's copyrighted work *Amateur Allure - Natalia* ("the Work") via peer-to-peer file swapping networks. (Am. Compl. ¶¶ 1, 7; *see generally* Compl.) Specifically, Plaintiff contends that by using the BitTorrent protocol, Defendants have committed copyright infringement under 17 U.S.C. §§ 101-1322 and engaged in a civil conspiracy under California law to do so. (Am. Compl. ¶¶ 31-45.) Because the alleged infringement occurred on the Internet, Defendants acted under the guise of their

Internet Protocol ("IP") addresses rather than their real names. (Am. Compl. ¶ 8.) Therefore, Plaintiff cannot determine Defendants' true identities without procuring the information from their respective Internet Service Providers ("ISPs"), which can link the IP addresses to a real individual or entity. (Am. Compl. ¶ 8.) Consequently, Plaintiff asks the court to grant it expedited discovery to issue subpoenas to the relevant ISPs so that the ISPs will produce the name, address, telephone number, e-mail address, and Media Access Control information attached to each IP address that Plaintiff has discovered through its own investigations. (Pl.'s *Ex Parte* Application for Leave to Take Expedited Discovery With Expanded Joinder Discussion ("Pl.'s Mot.") 1-5.) Plaintiff notes that "time for discovery is of the essence. Typically, ISPs keep log files of subscriber activities for only limited periods of time before erasing the data." (Pl.'s Mot. 6.)

## II. Expedited Discovery

Although courts in the Ninth Circuit disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067. In this particular context, the court must balance "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances" against "the legitimate and valuable right to

participate in online forums anonymously or pseudonymously . . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co.*, 185 F.R.D. at 578; *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 & nn.10-11, 179 (D. Mass. 2008) (noting that even copyright infringing file downloading entitled to degree of First Amendment protection) (holding that court must consider "the expectation of privacy held by the Doe defendants, as well as other innocent users who may be dragged into the case (for example, because they shared an IP address with an alleged infringer.)" (citation omitted)); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).

### III. Discussion

Plaintiff has shown a number of factors which weigh in favor of permitting limited expedited discovery. First, without issuing subpoenas to the ISPs at this time, Plaintiff will "have no other way to obtain this most basic information," Defendants' identities, without which the lawsuit cannot proceed. *UMG Recordings, Inc. v. Does 1-4*, No. 06-652, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006) (not reported in F. Supp.); *accord Diabolic Video Prods., Inc. v. Does 1-2,099*, No. 10-CV-5865, at *4-5 (N.D. Cal. May 31, 2011) (order granting in part motion for leave to take limited discovery prior to Rule 26(f) conference); *Io Group, Inc. v. Does 1-435*, No. 10-4382, at *1 (N.D. Cal. Oct. 15, 2010) (order granting plaintiff's request for leave to take early discovery); *Semitool, Inc.*, 208 F.R.D. at 276. Furthermore, there exists a high risk that the ISPs may destroy the information Plaintiff seeks and thereby preclude Plaintiff from discovering Defendants' true identities. *UMG Recordings, Inc.*, 2006 WL 1343597, at *1. Finally, copyright infringement claims "necessarily involve[] irreparable harm to Plaintiff[], as a copyright holder is presumed to suffer irreparable harm as a matter of law" when the ambit of its copyright is invaded. *Id.*

However, after a thorough examination of the record and relevant case law, the court finds that Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed. In its motion, Plaintiff redefines "Defendants" in manner that would ensnare unknown numbers of innocent individuals or entities into this matter. Tucked away in a footnote, Plaintiff discreetly

attempts to expand "Defendants" for purposes of this expedited discovery request to encompass not only those who allegedly committed copyright infringement -- proper defendants to Plaintiff's claims -- but ISP "Subscriber[s]" over whose internet connection the Work allegedly was downloaded. (Pl.'s Mot. 4 n.1. *But see* Am. Compl. ¶¶ 7, 9-10, 26, 29, 32-34, 39-44 (defining Defendants as persons or entities that infringed on Plaintiff's copyright).) In this manner, Plaintiff glosses over one of the most troubling aspects of its request for early discovery, for as Plaintiff concedes, in some cases the Subscriber and the Doe Defendant will not be the same individual. (Pl.'s Mot. 4 n.1 (emphasis added); *accord* Pl.'s Mot. 8.) Granting Plaintiff the form of relief that it seeks in this motion thus would impermissibly allow Plaintiff to subpoena ISPs to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and potentially subject them to onerous, invasive discovery and/or unfair settlement tactics, as discussed below. *See London-Sire Records, Inc.*, 542 F. Supp. 2d at 163 & nn.10-11, 179; *Columbia Ins. Co.*, 185 F.R.D. at 578.

Plaintiff's motion expressly states that "[t]he only way that Plaintiff can determine Doe Defendant(s)' actual names is by first getting Subscriber information linked to the addresses on Exhibit A to the Amended Complaint from the ISPs, and, from there, determine the Doe Defendant that accessed the network and unlawfully downloaded Plaintiff's copyrighted works." (Pl.'s Mot. 4.) Yet Plaintiff also admits that it must go beyond the "limited discovery" that it asserts would lead to Defendants' identities. (*Compare* Pl.'s Mot. 1, *with* Pl.'s Mot. 4 n.1 ("[L]imited additional discovery [will be] needed to identify the Doe Defendants.")). Plaintiff is noticeably vague about what additional discovery it would need. But as noted by Judge Grewal in a similar case prosecuted by Plaintiff's counsel (but not cited in his motion), this approach may lead to copious amounts of additional discovery to ferret out the alleged infringers. *See Boy Racer, Inc. v. Does 1-52*, No. C-11-2329, at *4 (stating that in proposed discovery expedition to uncover doe defendants' identities, "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, [the plaintiff] might require still more discovery, including interrogatories, document requests and even depositions.") (N.D. Cal. Sept. 13, 2011) (order denying

4

further discovery in similar case) (footnote omitted). The burdens of the potentially expansive and intrusive discovery that Plaintiff may need to propound to obtain Defendants' identities likely would outweigh Plaintiff's need for the information. *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066; *Semitool, Inc.*, 208 F.R.D. at 276. In addition, the court shares the concern that these cases potentially open the door to abusive settlement tactics. *See On the Cheap, LLC v. Does 1-5011*, No. 10-4472, 2011 WL 4018258, at *3 & n.6, 4 (N.D. Cal. Sept. 6, 2011). Nothing currently prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual -- whether guilty of copyright infringement or not -- would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust "settlement."

Therefore, the court concludes that Plaintiff's sought-after discovery, *as designed*, has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that outweighs Plaintiff's need for discovery. *See Pac. Century Int'l Ltd. v. Does 1-101*, No. 11-2533, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011). Nevertheless, the court believes that Plaintiff can develop a discovery proposal that will secure Plaintiff the information that it needs while precluding abuse of the discovery process, and accordingly grants Plaintiff expedited discovery in part, subject to restrictions. However, as the court dismisses the complaint against all but Doe 1 for improper joinder, *see Gillespie*, 629 F.2d at 642, such discovery is limited to Doe 1, as follows: Plaintiff is granted leave to serve immediate discovery on Doe 1's ISP by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. However, when Plaintiff receives the ISP's response to the subpoena arrives, Plaintiff may take no further action with respect to Doe 1, be it further discovery or sending Doe 1 a settlement letter. Rather, Plaintiff shall submit a new motion for expedited discovery as to Doe 1 that sets forth with specificity a discovery plan that addresses the court's concerns as expressed in this order.

**IV. Joinder of Defendants**

Rule 20 of the Federal Rules of Civil Procedure, in relevant part, permits a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When determining whether defendants are joined properly, the court should "liberally construe[] [the requirements] in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive termination of the action." *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-455, 2011 WL 996786 (D.D.C. Mar. 22, 2011) (citation & quotation marks omitted); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Diabolic Video Prods., Inc.*, No. 10-CV-5865, at *5. If defendants do not satisfy the test for permissive joinder, the court may sever the misjoined parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citation omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

In addition to the Rule 20(a)(2) criteria, the court has a parallel duty to ensure that permissive joinder "would comport with the principles of fundamental fairness or would [not] result in prejudice to either side." *Hard Drive Prods., Inc. v. Does 1-188*, No. 11-1566, 2011 WL 3740473, at *2 (N.D. Cal. Aug. 23, 2011) (citations and quotation marks omitted) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)); *accord On the Cheap, LLC*, 2011 WL 4018258, at *6. The court also has discretion to sever an action when joinder would "confuse and complicate the issues for all parties involved." *Hard Drive Prods., Inc.*, 2011 WL 3740473, at *2 (citations and quotation marks omitted); *accord On the Cheap, LLC*, 2011 WL 4018258, at *6.

The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel the court to sever Does 2-130 from this case. An internet-based copyright infringement case with at least 130 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 130 such claims would be inefficient, chaotic, and expensive. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001). Each Defendants' varying defenses would require the court to cope with separate

discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. *See Boy Racer*, No. C-11-2329, at *5. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions -- a thoroughly unmanageable and expensive ordeal. Similarly, *pro se* Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost. The court agrees with the conclusions of *On the Cheap, LLC* and *Hard Drive Productions, Inc.* and cannot permit a case to proceed in this manner. 2011 WL 4018258, at *2-3; 2011 WL 4018258, at *14-15. The court therefore severs Defendant Does 2-130 from this action. Fed. R. Civ. P. 21; *see Coughlin*, 130 F.3d at 1350.

### V. Conclusion

For the reasons above, the court ORDERS that Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery is GRANTED IN PART; it is further ORDERED that Defendant Does 2-130 are SEVERED from this action; and it is further ORDERED that Plaintiff's claims against Defendant Does 2-130 be DISMISSED without prejudice for improper joinder.

Moreover, it is hereby ORDERED that Plaintiff is allowed to serve immediate discovery on Doe 1's ISP by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. The subpoena shall include a copy of this order.

It is further ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena,

the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to Doe 1.

It is further ORDERED that the ISP shall not assess any charge to Plaintiff in advance of providing the information requested in the subpoena, and that the ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

It is further ORDERED that the ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

It is further ORDERED that when the ISP's response to the subpoena arrives, Plaintiff may take no further action with respect to Doe 1. Rather, the court ORDERS that Plaintiff submit a new motion for expedited discovery as to Doe 1 that sets forth with specificity a discovery plan that addresses the court's concerns as expressed in this order.

To the extent that this order may be dispositive, the court does not require the consent of Defendants because they have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)).

IT IS SO ORDERED.

Dated: November 16, 2011



DONNA M. RYU
United States Magistrate Judge