Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1-130, ) <br> ) <br> Defendant(s). ) <br> ) <br> _____ ) | **No. C-11-03826 DMR** <br><br> **PLAINTIFF'S MOTION FOR CLARIFYING ORDER** |

On November 16, 2011, the Court issued an order that, *inter alia*, granted in part Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery. (ECF No. 13.) In addition to severing Does 2-130 from this case, the Court stated that "Plaintiff may take no further action with respect to Doe 1" ("ISP") until Plaintiff submits "a new motion for expedited discovery as to Doe 1 . . ." (*Id.* at 8.) Plaintiff submits this motion to elucidate the meaning of, "no further action."

## DISCUSSION

Under the plain meaning of "no further action" Plaintiff would be enjoined from engaging in *any* form activity involving Doe 1 pending the Court's approval of a subsequently submitted motion for expedited discovery. However, such a prohibition would quite plainly exceed the Court's authority. *E.g. Negrete v. Allianz*, 523 F.3d 1091 (9th Cir. 2008) (reversing order enjoining a party from settling parallel actions without court order).

///

Plaintiff does not believe that the Court intended to enjoin Plaintiff from all forms of activity related to Doe 1. Accordingly, Plaintiff respectfully submits this motion for clarification of the meaning "no further action."

### I. DOES "NO FURTHER ACTION" PREVENT PLAINTIFF FROM ENGAGING IN SETTLEMENT NEGOTIATIONS?

Plaintiff's counsel intends to issue a subpoena to Doe 1's ISP. The ISP will then serve Doe 1 a copy of Plaintiff's subpoena and a copy of the Court's order. In Plaintiff's experience there is a reasonable possibility that Doe 1 will retain an attorney to discuss settlement with Plaintiff's counsel prior to the subpoena's return date. Plaintiff hereby requests clarification from the Court that engaging in settlement negotiations with Doe 1 would not violate the Court's "no further action" order.

### II. DOES "NO FURTHER ACTION" PREVENT PLAINTIFF FROM NAMING AND SERVING ANYONE WITH PROCESS IN THIS MATTER?

In Plaintiff's experience, Plaintiff will often learn the identity of an infringer without conducting an active investigation. For example, an ISP subscriber whose roommate engaged in infringing activity will often contact Plaintiff's counsel to identify their roommate as the actual infringer. As a consequence, Plaintiff would have a good-faith basis to name and serve the roommate with process. Plaintiff hereby requests a clarifying order that naming and serving Doe 1 with process would not violate the Court's "no further action" order.

### III. DOES "NO FURTHER ACTION" PREVENT PLAINTIFF FROM CONDUCTING INVESTIGATIONS THAT DO NOT INVOLVE CONTACT WITH THE SUBSCRIBER?

Once Plaintiff has ascertained the subscriber's identity, Plaintiff has numerous investigative means—many of which do not involve contact with the subscriber—to determine whether the subscriber is likely the Doe Defendant. For example, Plaintiff can review publicly available property records to determine whether the subscriber lives alone. Plaintiff hereby requests a clarifying order that conducting such investigative activities would not violate the Court's "no further action" order.

### IV. DOES "NO FURTHER ACTION" PREVENT PLAINTIFF FROM RESPONDING TO MOTION FILED BY DOE 1?

When the subscriber receives notification from his ISP of Plaintiff's subpoena he may file a motion to quash. Plaintiff hereby requests a clarifying order that responding to a motion to quash would not violate the Court's "no further action" order.

### V. DOES "NO FURTHER ACTION" PREVENT PLAINTIFF FROM PURSUING LEGAL ACTION AGAINST DOE 1 IF DOE 1 CONTINUES TO INFRINGE ON PLAINTIFF'S OTHER COPYRIGHTED WORKS?

Many infringers targeted by Plaintiff are "serial infringers" in that they unlawfully obtain numerous items from Plaintiff's library of copyrighted works. There is a reasonable chance that Plaintiff will obtain Doe 1's identity in a separate copyright infringement action. Plaintiff requests a clarifying order that pursuing legal action against Doe 1 in separate legal actions or entering into a global settlement with Doe 1 would not violate the Court's "no further action" order.

### CONCLUSION

Plaintiff seeks a clarifying order to determine the meaning of the phrase "no further action" in the Court's November 16 Order. (ECF No. 13.) The Court should issue an order clarifying this phrase and address the specific scenarios Plaintiff lays out above.


Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.

DATED: November 17, 2011

By:     /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.