Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>DOE 1, )<br><br>Defendant. )<br>_____ ) | **No. C-11-03826 DMR**<br><br>Magistrate Judge: Hon. Donna M. Ryu<br><br>**PLAINTIFF'S APPLICATION TO TAKE FURTHER ACTION** |

On November 16, 2011, the Court issued an order granting Plaintiff's application for expedited discovery as to "Doe 1,"[1] but also ordered that "Plaintiff may take no further action with respect to Doe 1, be it further discovery or sending a settlement letter." (ECF No. 13 at 5, hereinafter "November 16 Order.") The Court, instead, instructed Plaintiff to "submit a new motion for expedited discovery as to Doe 1 that sets forth with specificity a discovery plan that addresses the court's concerns as expressed in this order." (*Id.*)

In a similar case, this Court issued a virtually identical order restricting discovery pending Plaintiff's plan to address the Court's same concerns. *See Pacific Century International LTD v. Doe 1,* 4:11-cv-2533 DMR (ECF Nos. 27, 30.)  In that case, after this Court's issuance of those orders, the plaintiff filed an application to take further discovery proposing a plan similar to the one described below. *See Pacific Century,* 11-cv-2533 (ECF No. 32.)  This Court considered the plaintiff's proposed discovery plan, and ordered "that plaintiff may attempt to contact the subscriber

---

[1] The Court severed Does 2-130. (ECF No. 13 at 7.)

identified in the ISP subpoena return in a manner consistent with the representations that Plaintiff made in its notice." *See Pacific Century,* 11-cv-2533 (ECF No. 35.)  Plaintiff hopes to obtain that same order in this case.

As in *Pacific Century*, the Court here appears to have two specific concerns with regard to Plaintiff potential discovery.  First, the Court is concerned that a future discovery request from Plaintiff could be overly intrusive. (ECF No. 13 at 5.).  Also, the Court is concerned that Plaintiff may engage in abusive settlement tactics. (*Id*).  In light of the Court's order in *Pacific Century*, Plaintiff lays out a similar plan that fully addresses these concerns. Ultimately, Plaintiff submits the following plan in an attempt to lift the current ban on it contacting Doe 1, and to allow it to proceed with this litigation.

## I.  DISCOVERY PLAN

With respect to the Court's concern about the possible intrusiveness of future discovery requests, at this moment, Plaintiff is not requesting any formal discovery. *See generally* Court Docket. Plaintiff has received the subscriber's identifying information from the ISP and is simply waiting for the Court to lift its current ban so that it may meet and confer with the subscriber. *See* Declaration of Brett L. Gibbs (hereinafter "Gibbs Decl.") ¶ 2, Exhibit A to this Application. If Plaintiff requires further formal discovery—and the need for further expedited discovery is entirely speculative at this preliminary stage of the litigation—then it will submit a motion to the Court and the Court can evaluate the request at that time. *See* Fed. R. Civ. P. 26. Further, the subscriber is in the best position to evaluate whether a subpoena is overly intrusive and argue as much on a motion to quash. *See Greenlaw v. United States*, 554 U.S. 237 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one."). It is premature to enjoin

Plaintiff from progressing in this litigation on the basis of a subpoena that may never be issued or objected to.

With respect to the Court's concern about the possibility of coercive settlement tactics, Plaintiff would submit the following discovery plan. First, Plaintiff will not engage in any further formal discovery prior the Rule 26(f) conference without first obtaining leave from the Court. Gibbs Decl. ¶ 3. Second, Plaintiff will attempt to contact the subscriber identified in the ISP subpoena return. *Id*. If the subscriber is reachable, Plaintiff will meet and confer with the subscriber, inform him of the litigation and, depending on the circumstances, may extend an offer of settlement. *Id.* ¶ 4. If the subscriber can offer a valid defense that is substantiated by credible evidence, Plaintiff will drop its case entirely as to the subscriber. *Id.* ¶ 4. If the subscriber's defense is that some other member of his household committed the infringement, Plaintiff will name and serve the infringer with process. *Id.* ¶ 5. If the subscriber is unable to offer a valid defense and rejects Plaintiff's settlement offer, then Plaintiff will name and serve the subscriber with process. *Id.* ¶ 5. If the subscriber deliberately evades Plaintiff's attempt to meet and confer, then Plaintiff *may* need to request further discovery from the Court. *Id.* ¶ 6.

Plaintiff understands that the Court is attempting to address the issue of unduly coercive settlement efforts. However, Plaintiff's counsel is unable to conceive of a practical course of action that would allow the Court to review and approve the content of every communication it has with a subscriber. Nor does Plaintiff's counsel believe it would be practical for any court to inject itself deeply into arm's-length negotiations between two mentally competent parties. The subscriber is an adult and deemed capable under the law of making such major life decisions as: joining the military, voting, adopting a child and refusing end-of-life medical treatment. There is no good reason to treat the subscriber any differently than an adult.

To be clear, Plaintiff's counsel is not suggesting that there is no regulation of its communications with the subscriber. Plaintiff's counsel, like every attorney, is bound by rules of professional conduct that are designed to cause attorneys to conduct their business in manner befitting of officers of the court. *See generally* Model Rules of Prof'l Conduct (1983). For example,

an attorney may not make fraudulent statements, threaten physical violence or engage in harassment or other vexatious behavior. *Id.* R. 3.1, 3.3-3.4. Plaintiff believes that the rules of professional conduct serve as an appropriate check on the conduct of all attorneys, including Plaintiff's counsel. As pointed out in the *Pacific Century* case, the Court should be aware that infringers are engaging in joint action to discredit and threaten any attorney that attempts to prosecute copyright infringement, including Plaintiff's counsel—much as they engaged in joint action to infringe Plaintiff's work. *See Pacific Century,* 11-cv-2533 (ECF No. 32 at Ex. B.) As referenced in that motion, no court should deny a party equal procedural treatment based on the unsubstantiated accusations of anonymous posters. (*Id.*)

## CONCLUSION

Plaintiff prays that the Court permit Plaintiff to proceed in above described discovery plan. Should the Court decide to grant this application, such a decision would render moot Plaintiff's motion for clarifying order filed on November 17, 2011. (*See* Doc. No. 14.)

Respectfully Submitted,

PACIFIC CENTURY INTERNATIONAL, LTD

**DATED: December 19, 2011**

By:     ___/s/  Brett L. Gibbs, Esq.___
Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PLAINTIFF'S APPLICATION TO TAKE FURTHER ACTION          No. C-11-03826 DMR

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 19, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.

PLAINTIFF'S APPLICATION TO TAKE FURTHER ACTION          No. C-11-03826 DMR