Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC.,<br><br>  Plaintiff,<br>  v.<br><br>JOHN DOE AND SOUKHA PHIMPASOUK,<br><br>  Defendants. | **No. 4:11-cv-03826 DMR**<br><br>**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Hard Drive Productions, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Continuing Initial Case Management Conference (ECF No. 30), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Amended Complaint (ECF No. 27 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to

copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. Subscriber has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, Defendant Doe and Defendant Phimpasouk[1], either reside or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address that Doe Defendant used to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

On May 22, 2012, Defendant Phimpasouk was served with a copy of the Amended Complaint, the Summons issued by the clerk of court, and other relevant and necessary documents. At this point, Defendant Phimpasouk has not filed an answer to Plaintiff's Amended Complaint, nor appeared in this case.

On June 13, 2012, Plaintiff filed its Request to Enter Default to the Clerk of Court. (ECF No. 32.) Plaintiff provided the necessary declaration and proof of service of summons to the Clerk, and also provided Defendant Phimpasouk with a copy of its Request. (*Id*.) On June 14, 2012, the Clerk entered default against Defendant Phimpasouk.

Currently, Plaintiff is drafting and formulating the necessary exhibits to present the Court with its Motion for Entry of Default Judgment Against Defendant Phimpasouk. Plaintiff expects to present the court with its Motion for Entry of Default Judgment Against Defendant Phimpasouk within the next week. Beyond that, there is nothing new to report to the Court.

2. **Facts:**

Plaintiff is a corporation that holds the copyrights to certain adult entertainment content. Doe Defendant is an alleged copyright infringer. Defendant Phimpasouk is the third-party account holder of IP address 108.0.175.48 issued by Verizon Online that was observed by Plaintiff's agents inside a

---

[1] Due to Defendant Phimpasouk's failure to communicate, it is still not clear to Plaintiff at this time whether Defendant Doe and Defendant Phimpasouk are one and the same individual.

BitTorrent swarm downloading and uploading Plaintiff's copyrighted video without permission from Plaintiff. At this juncture, Defendant Phimpasouk is the *only* person who has knowledge as to who the Defendant Doe is – whether the Defendant Doe is in fact Defendant Phimpasouk himself, or, for instance, an individual living in Defendant Phimpasouk's household.

Defendant Doe without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant Doe operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Defendant Phimpasouk accessed or controlled access to the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's copyrighted works. While Defendant Phimpasouk had a duty to secure his network and/or prevent such illegal activities, Defendant Phimpasouk negligently (or willingly) allowed Defendant Doe to access Defendant Phimpasouk's, interact with individuals over the BitTorrent network, and infringe on Plaintiff's copyright. While reasonable Internet users ensure that such behavior does not occur, Defendant Phimpasouk failed to do so. In so failing, Defendant Phimpasouk's negligence damaged Plaintiff.

### 3. Legal Issues:

Plaintiff states a *prima facie* case for copyright infringement.

### 4. Motions:

On September 29, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 7.) On November 16, 2011, the Court granted that Application but only as to Doe 1 (ECF No. 13).

On November 17, 2011, Plaintiff filed its Motion for a Clarifying Order (ECF No. 14). On December 15, 2011, Plaintiff filed its Motion to Take Further Action (ECF No. 16.) On December 27, 2011, the Court issued an Order Granting Plaintiff's Motion to Take Further Action, and found

Plaintiff's Motion for a Clarifying Order moot (ECF No. 18.) Through that Order, the Court specified that "Plaintiff may take no formal discovery without leave of the court."

On June 13, 2012, Plaintiff filed its Request for Default Judgment against Defendant Phimpasouk. (ECF No. 32.) That request was granted by the Clerk on Jun 14, 2012. (ECF No. 33.)

**5. Amendment of Pleadings:**

Plaintiff filed an Amended Complaint on May 10, 2012. (ECF No. 27.)

**6. Evidence Preservation:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant associated with IP address 108.0.175.48's infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

In addition, once Subscriber 108.0.175.48—i.e. Defendant Phimpasouk—was identified by Plaintiff, he was quickly served with letters from Plaintiff's counsel notifying him that he must not dispose of, erase, alter, etc. anything on his computer, or elsewhere, relevant to this matter.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference. At this point, however, Defendant Phimpasouk has not yet answered Plaintiff's Amended Complaint or otherwise appeared in this case.

**8. Discovery:**

At this point, any further discovery entirely depends on Defendant Phimpasouk's future involvement in this case. Plaintiff is hesitant to venture a guess as to that potential involvement.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant has injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant, enjoinng and restrianing the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant to destroy all copies of those unlawfully copyrighted files in Doe Defendant's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); (4) On Count Four, an order that Defendant Phimpasouk is jointly and severally liable to Plaintiff in the full amount of judgment on the basis of Defendant Phimpasouk's negligence in allowing an unidentified third party access his Internet account, and through it, violate Plaintiff's copyrighted works; and (5) That the Court enter a written judgment in favor of the Plaintiff against Defendant for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Settlement is inapplicable at this point. There is no one to settle with.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* Doc. No. 10). Practically speaking, however, at this point, without an identifiable Defendant in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Donna M. Ryu for all purposes.

**14. Other References:**

None that the parties can identify at this time.

### 15. Narrowing of Issues:

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

### 16. Expedited Schedule:

Plaintiff has no objection to this case being handled in an expedited manner. However, again, Plaintiff will need to conduct the aforementioned discovery prior to solidifying its case against the Defendant Doe and Defendant Phimpasouk.

### 17. Scheduling:

At this point, considering the status as described above, Plaintiff objects to being required to set a schedule in a case where no defendant has even responded to Plaintiff's complaint.

### 18. Trial:

Currently, without knowing the extent of the witnesses and physical evidence that will be presented at trial, Plaintiff would only be making an absolute guess as to how long a trial would take. Should the Court require that guess, Plaintiff would estimate two full days.

### 19. Disclosure of Non-Party Interested Entities or Persons:

Plaintiff has filed its Certification of Interested Entities or Persons. Subscriber has not filed his Certification of Interested Entities or Persons.

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

### 20. Other Matters:

Currently, Plaintiff expects to present the court with its Motion for Entry of Default Judgment Against Defendant Phimpasouk within the next week or so.  Beyond that, there is nothing new to report to the Court.  As such, Plaintiff prays that the Court recognizes the futility of any Case Management Conference at this juncture, and simply continues the upcoming Conference for a few months, or simply takes the Case Management Conference off of the calendar in light of Plaintiff's plan to file a Motion for Entry of Default Judgment in this case.

Additionally, as Plaintiff's counsel will be out of the State throughout the following week, should a conference be necessary, Plaintiff would pray that the Court allow its counsel to appear via telephone.

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: July 10, 2012**

By:   \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 10, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/ Brett L. Gibbs
Brett L. Gibbs, Esq.