Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703 -4011
Fax:    (831) 533 – 5073
nick@ranallolawoffice.com

Attorney for Defendant Soukha Phimpasouk

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN DOE & SOUKHA PHIMPASOUK<br><br>　　　　Defendant | Case No.: 4:11-cv-3826-DMR<br><br>DEFENDANT PHIMPASOUK'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 55<br><br>Date: September 13, 2012<br>Time: 11:00 a.m. |

**PLEASE TAKE NOTICE** that on September 13, 2012 at 11:00 a.m. Defendant Soukha Phimpasouk, by and through undersigned counsel and pursuant to Federal Rule Civil Procedure 55 and other governing law, shall appear before the Honorable Magistrate Judge Donna M. Ryu at the Oakland Courthouse, Courtroom 4 -3rd Floor, located at 1301 Clay Street, Oakland CA 94612, and will present his Motion to Set Aside Entry of Default.

For the reasons more fully described herein, Defendant Phimpasouk requests that this court set aside the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c) and allow Defendant the opportunity to file a responsive pleading in this action and ultimately to defend himself on the merits.  This motion is based on the grounds specified in the Motion and accompanying Memorandum of Points and Authorities, any declarations and exhibits filed in support thereof and any additional briefing subsequently submitted.

Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703 -4011
Fax:    (831) 533 – 5073
nick@ranallolawoffice.com

Attorney for Defendant Soukha Phimpasouk

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC<br><br>            Plaintiff,<br><br>     vs.<br><br>JOHN DOE & SOUKHA PHIMPASOUK<br><br>            Defendant | Case No.: 4:11-cv-3826-DMR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PHIMPASOUK'S MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 55<br><br>Date: Sept. 13, 2012<br>Time:  11:00 a.m. |

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION**……………………………………….........………1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**……………………………………………......…..........………..3

**II.    LEGAL STANDARD**..........................................................................…......…………4

**III.   ARGUMENT**......................................................................................................……………5

A.  Defendant's Conduct was not Culpable within Meaning of Rule 55………........................5

B.  Defendant has Meritorious Defenses......................................................................................6

      1.  Plaintiff's Cause of Action is Preempted.......................................................................6

      2.  Defendant is Entitled to CDA Immunity.......................................................................7

      3.  Defendant Lacked a Legal Duty....................................................................................9

C.  Plaintiff Will Not Be Prejudiced by Setting Aside Default................................................10

D.  The Instant Complaint is Improper Under Rule 15 and Defendant Has Not Been Properly Served Under Rule 4..........................................................................................................11

**IV.   CONCLUSION**.......................................................................................................................1

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009)……………………………………………….........………10

*Barrett v. Rosenthal,* 51 Cal.Rptr.3d 55 (2006)..................................................................................8

*Bell Atlantic v. Twombley,* 550 U.S. 544, 556 (2007)…………………..…………….....………......9

*Carimi v.Royal Caribbean Cruise Line, Inc.*, 959 F. 2d 1344, 1345 (5th Cir. 1992)................................4

*Delfino v. Agilent Technologies, Inc.,* 52 Cal.3d 376, 389 (Ct. App., 6th App. Dist., 2006).......................8

*Falk v. Allen,* 739 F.2d 461, 462 (9th Cir. 1984)..............................................................................4,10,12

*Firoozye v. Earthlink Network*, 153 F.Supp.2d 1151 (N.D. Cal. 2001)…………….................………7

*Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986)...........................................4

*Kathleen R. v. City of Livermore*, 104 Cal.Rptr.2d 772 (1st Dist. 2001)..................................................8-9

*Liberty Media Holdings v. Swarm* No. 11-00262-DAE-RLP (Docket NO. 66 - Order Granting in Part Defendant Hatcher's Motion to Dismiss…)(D. Haw. January 30, 2012)...................................................10

*Liberty Media Holdings, LLC v. Tabora & Whetstone,* 1:12-cv-02234-LAK (ECF Doc. 33 – Memorandum Opinion)(S.D.N.Y., July 9, 2012)........................................................................................6

*SEC v. Internet Solutions for Business Inc.*, 509 F. 3d 1161, 1165-1166 (9th Cir. 2007)..........................4

*Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974).......................................................................4

*TCI Group Life Insurance Plan v. Knoebber,* 244 F.3d 691, 699 (9th Cir. 2001).................................5,10

*U.S. v. Signed Personal Check No. 730 of Yurban Mesle,* 615 F.3d 1085, 1089 (9th Cir. 2010)............4,5

*Valdez v. J. D. Diffenbaugh Co.,* 51 Cal. App. 3d 494, 124 Cal. Rptr. 467 (1975).....................................9

### I.  **<u>Introduction and Procedural Background</u>**

Defendant herein is the unfortunate "Doe #1" in Hard Drive Productions v. Does 1-130, originally filed on August 3, 2011.  On September 28, 2011, Plaintiff filed its first amended complaint against Does 1-130 (ECF No. 6).  On September 29, 2011, Plaintiff filed an Ex Parte Application for Expedited Discovery as to Does 1-130.  On November 16, 2011, this court granted expedited discovery as to Doe #1 (Defendant Phimpasouk), and severed and dismissed Does 2-130. (ECF No. 13).  On April 25, 2012, Plaintiff filed a case management statement in this matter, indicating that it intended to seek further expedited discovery relative to Defendant.

On May 10, 2012, Plaintiff filed a second amended complaint (without seeking leave of the court - an apparent violation of F.R.C.P. 15), alleging that an unidentified John Doe had committed copyright infringement.  This complaint further alleged that Defendant Phimpasouk was negligent in failing to secure his internet connection, leading to the infringement of Plaintiff's copyrights. (ECF No. 27).  On May 22, 2012, Plaintiff attempted to serve Defendant with the second amended complaint by leaving a copy of the summons and complaint in this matter with the defendant's father, Inta Phimpasouk (See ECF No. 31).  Although Inta was visiting the Defendant on the date in question, Inta Phimpasouk is not a "resident" of Defendant Soukha Phimpasouk's home.  Inta, in fact, resides in Illinois.  See Declaration of Soukha Phimpasouk.

As described further below, Defendant Phimpasouk was unaware that Plaintiff had attempted to officially serve him in this matter and was likewise unaware of the consequences of failing to respond to the documents delivered to his father.  Further compounding his confusion, Defendant has continued to receive telephone messages from Plaintiff's counsel throughout June and July indicating that Plaintiff was contemplating a <u>future suit</u>, which had not yet begun.  As described in Defendant's declaration attached hereto, Defendant received a call as recently as July 25, 2012, from Mark Lutz of Prenda Law, Inc., which stated that **"since we do have a number of new attorneys on staff, we have started to file complaints with individual's names in them.  We'll begin that process here with you in the near future..."** (Phimpasouk Dec. at ¶9).  Defendant was understandably confused regarding the status of the case against him

and his obligation to answer the documents delivered to his father. On July 23, 2012, Defendant first spoke with present counsel and was informed of the gravity of his situation and the potential implications of his failure to respond to the complaint. Shortly thereafter, Defendant retained present counsel and immediately began preparation of the instant motion.

For the reasons set out more fully below, Defendant respectfully requests that this court set aside the entry of default against him pursuant to Rule 55(c) and allow Defendant an opportunity to defend the case on its merits.

## II.     Legal Standard

Federal Rule of Civil Procedure 55 states that "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." F.R.C.P. 55(c). "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 462 (9th Cir. 1984). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards Movants, especially those whose actions leading to default were taken without the benefit of legal representation. *U.S. v. Signed Personal Check No. 730 of Yurban Mesle,* 615 F.3d 1085, 1089 (9th Cir. 2010). "Default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits."*Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974).

On a motion to set aside entry of default under Rule 55, the court should determine good cause by considering three factors: 1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default, 2) whether it had meritorious defenses to the original action, and 3) whether reopening default would prejudice the Plaintiff. *See Mesle.*, 615 F.3d at 1091. Each of these factors should be construed liberally. *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

In addition, A motion for relief from default may also be granted where defendant demonstrates defects in the service of process, even if the Defendant received actual notice of the suit. *Carimi v.Royal Caribbean Cruise Line, Inc.*, 959 F. 2d 1344, 1345 (5th Cir. 1992); see *SEC v. Internet Solutions for Business Inc.*, 509 F. 3d 1161, 1165-1166 (9th Cir. 2007).

### III.  Argument

**A.  Defendant's Conduct was not "Culpable" within Meaning of Rule 55**

The first factor that a court should consider when determining whether the Defendant has shown good cause is whether the defendant engaged in "culpable conduct" that led to the default. "...[A] Movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the Movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle,* 615 F.3d at 1093 (internal citations/quotations omitted). In overturning the district court's denial of a request to set aside a stay in *Mesle,* the Ninth Circuit stressed the requirement of "extreme circumstances." *Id.,* at 1091-91. The court likewise found it important that the defendant was unrepresented during the time period that led to default and was and "was ignorant of the law and unable to understand correctly his legal obligations..." *Id.* at 1093. The Ninth Circuit likewise considered it important that the Defendant in *TCI Group Life Insurance Plan v. Knoebber* lacked familiarity with legal matters. 244 F.3d 691, 699 (9th Cir. 2001).

Defendant herein failed to answer the subject complaint during the time allotted by the federal rules, but he has not acted in bad faith in any way. Defendant had no intention of taking advantage of the opposing party, interfering with judicial decisionmaking, or otherwise manipulating the legal process. Indeed, Defendant could hope to gain nothing by his course of conduct, given the harsh consequences of default.

Defendant herein has absolutely no prior experience with the legal system and was unaware of the significance of the documents given to his father. These documents were delivered prior to the expiration of the deadline noted in Exhibit A. Furthermore, Defendant has continued to receive automated and live telephone messages from Plaintiff's counsel indicating that Plaintiff intends to file suit in the future. The most recent of these messages was received *yesterday*, July 25, 2012, and specifically stated that Plaintiff would seek to file suit "in the near future" (See Phimpasouk Dec. at ¶9). These calls understandably confused Defendant as to the state of the instant matter and whether he was actually being sued. Finally, Defendant's limited

finances made retention of an attorney extremely difficult, and Defendant was only recently able to retain anyone to make heads or tails of his legal situation.

In light of the foregoing, it is clear that Defendant has not engaged in "culpable conduct" leading to the default, within the meaning of the Ninth Circuit's Rule 55 case law. As such, Defendant respectfully requests that this court vacate the entry of default against him and provide him the opportunity to defend the claims against him on the merits.

**B.    Defendant has a Meritorious Defense[1]**

The second consideration in determining whether a court should set aside entry of default is whether the Defendant has a meritorious defense to the claims against him. Defendant here indeed does have such a defense. Plaintiff has alleged that Defendant is liable for negligently allowing an unidentified "John Doe" to access his internet connection and use that access to commit copyright infringement. Plaintiff's argument fails for multiple reasons.

1. <u>Plaintiff's Cause of Action is Preempted</u>

The Southern District of New York recently decided a Motion to Dismiss a functionally identical claim regarding an ISP Subscriber's purported negligence in allowing a third party to share copyrighted works over the subscriber's connection. On July 9, 2012, the court in *Liberty Media v. Tabora,* held that **The negligence claim suffers from at least two problems, each independently fatal to its survival."** *Liberty Media Holdings, LLC v. Tabora & Whetstone*, 1:12-cv-02234-LAK (ECF Doc. 33 – Memorandum Opinion)(S.D.N.Y., July 9, 2012)(emphasis added). A copy of this decision is annexed hereto as Exhibit B. As described briefly below and in fuller detail in the briefings attached hereto as Exhibit C, Defendant maintains that there are, in fact, three fatal problems with Plaintiff's negligence claim in this setting: 1) Federal Preemption; 2) CDA immunity; and 3) Lack of Legal Duty.

The *Tabora* decision discusses the first fatal problem with Plaintiff's claim, federal preemption. Copyright Act §301 declares that "On and after January 1, 1978, all legal or

---

[1] For this court's reference, please note that these identical issues have been argued fully in two other, functionally identical cases before the Northern District of California: 12-2048 & 12-2049. Defendants' Motions to Dismiss are pending in each matter, and oral argument is upcoming. A copy of Defendant's Motion to Dismiss, Plaintiff's Opposition, and Defendant's Reply from 5:12-cv-2048 are annexed hereto collectively as Exhibit C, if this court would like a fuller discussion of the meritorious defenses highlighted herein.

equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State" 17 U.S.C. §301.

The test for copyright preemption asks two essential questions. First, do the claims fall "within the subject matter of copyright law?" *Firoozy v. Earthlink Network* 153 F.Supp. 2d 1115, 1121-22 (N.D. Cal. 2001). Second, do the claims seek to "protect rights equivalent to any of the exclusive rights within the scope of federal copyright law?" *Id.* If the answer to each question is affirmative, then the matter should only be litigated as a federal copyright claim, and state law causes of action are preempted.

Preemption clearly applies in the instant case. First, Plaintiff's work is a motion picture, and is therefore within the subject matter of copyright law. Second, Plaintiff's cause of action seeks to protect its "exclusive rights," from "copying and sharing." See, e.g. ECF No. 27 at ¶63 ("allowed for copying and sharing," and "interfered with Plaintiff's exclusive rights in the copyrighted work"); ¶64 (same); ¶65 ("copying and sharing"); ¶67 ("copy and share Plaintiff's copyrighted video" and "interfering with Plaintiff's exclusive rights").

As the court in *Tabora* recognized, Plaintiff's negligence cause of action seeks to protect its "exclusive rights" in its motion picture from "copying and sharing." This is precisely the role of copyright law, and precisely the reason that Plaintiff's cause of action is preempted by the Copyright Act.

2. <u>Defendant is Entitled to CDA Immunity</u>

Assuming, arguendo, that Plaintiff's cause of action for negligence could survive preemption, Plaintiff's claims are nonetheless barred by Communications Decency Act immunity under 47 U.S.C. §230. Specifically, §230(c)(1) provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. 230(c)(1). The CDA goes on to

state that "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. 230 (e)(3).

Courts must undertake a three-part inquiry to determine whether a defendant is eligible for CDA immunity. They are "(1) the defendant [is] a provider or user of an interactive computer service; (2) the cause of action treat[s] the defendant as a publisher or speaker of information; and (3) the information at issue [is] provided by another information content provider." *Delfino v. Agilent Technologies, Inc.,* 52 Cal.3d 376, 389 (Ct. App., 6th App. Dist., 2006), quoting *Gentry v. eBay, Inc,.* 99 Cal. App. 4th 816, 830 (Ct. App. 4th Dist., 2002).

As to the first prong of the inquiry, CDA §230(f)(2) defines an interactive computer service as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, **including specifically a service or system that provides access to the Internet…"** 47 U.S.C. 230(f)(2)(emphasis added). Defendant herein is accused of providing internet access to an individual that ultimately pirated Plaintiff's film. As such, Defendant satisfies the first prong of the CDA analysis.

The second prong requires that the cause of action treat Defendant as the publisher or speaker of the information at question. The California Supreme Court has held that the CDA makes no attempt to exclude pre-CDA "distributors" of information, and one who was characterized as a passive distributor is likewise entitled to immunity. *Barrett v. Rosenthal,* 51 Cal.Rptr.3d 55 (2006). One particular case is instructive in this regard, *Kathleen R. v. City of Livermore* 104 Cal.Rptr.2d 772 (1st Dist. 2001), In that case, Plaintiff attempted to hold the City of Livermore liable for allowing a twelve-year-old to access and download sexually explicit images from an internet connection in the public library. *Kathleen R.* 104 Cal.2d at 773. Notably, the Plaintiff alleged that the minor went to the library and downloaded sexually explicit photos onto a floppy disk that he brought to the library. *Id.* The minor then allegedly took the floppy disk to another location where he printed the pictures. The state court of appeals had no trouble determining that Plaintiff was attempting to hold the library responsible as the speaker or publisher of the explicit materials by virtue of the library's role as a conduit for internet service.

DEFENDANT PHIMPASOUK'S MOTION TO SET ASIDE ENTRY OF DEFAULT- 8

The allegations against the defendant herein are almost identical to those in *Kathleen R.* In each Plaintiff seeks to impose liability on the basis of the defendant's provision of internet access to a third party or third parties. In each, the Defendant is accused only of being a conduit for objectionable material that was downloaded from a connection offered by the Defendant. In each case, the defendant's liability is premised on a third party's use of the defendant's internet access to copy pornographic materials to a storage device for later use. And, like the City of Livermore in *Kathleen R.,* the defendant here is entitled to CDA immunity.

The final prong in the analysis for CDA immunity asks whether the information at issue was provided by another information content provider. Here, the answer is unquestionably yes. The CDA defines an information content provider as the "person or entity that is responsible, in whole or in part, for the creation or development of information provided through the internet…" 47 USC §203(f)(3). There is no allegation in Plaintiff's complaint that Defendant was the creator or developer of the information at issue – this suit is in fact premised on Plaintiff's creation of the work. As such, the third prong is likewise satisfied.

Defendant herein satisfies all three requirements for CDA §230 immunity: (1) the defendant [is] a provider or user of an interactive computer service; (2) the cause of action treat[s] the defendant as a publisher or speaker of information; and (3) the information at issue [is] provided by another information content provider. As such, Plaintiff's cause of action for negligence should be dismissed.

3. Defendant Lacked a Legal Duty to Protect Plaintiff

"[T]o state a negligence cause of action, the defendant must owe a duty of due care to the person injured, or to a class of persons of which the plaintiff is a member." *Valdez v. J. D. Diffenbaugh Co.,* 51 Cal. App. 3d 494, 124 Cal. Rptr. 467 (1975). Paragraph 59 of Plaintiff's complaint is the only paragraph that attempts to establish a legal duty owed by Defendant to Plaintiff. In support of this proposition, Plaintiff offers the following: "Defendant Phimpasouk had a duty to secure his internet connection." This is *precisely* the "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice." See *Bell Atlantic v. Twombley,* 550 U.S. 544 (2007). This court is not "bound to accept as true a

legal conclusion couched as a factual allegation." *Iqbal v. Ashcroft* 129 S.Ct.1937, 1950. Plaintiff has offered no factual or legal support for the (literally) unprecedented proposition that an ISP subscriber (ergo, *all ISP subscribers*) owe a duty to Plaintiff (and all pornography companies, and all other companies that own intellectual property rights) to take specific steps to secure their internet connection to prevent copyright infringement.

The allegation that "Defendant Phimpasouk had a duty to secure his internet connection" is the epitome of a legal conclusion couched as a factual statement, and is the only support for the unprecedented proposition embodied within it. The District Court for the District of Hawaii has recently considered a negligence claim in the BitTorrent context and stated that "Plaintiff has not cited, nor has this Court found, any case law with analogous facts from which the Court could conclude that the Defendants owed Plaintiff a general duty to secure their internet connections." *Liberty Media Holdings v. Swarm* No. 11-00262-DAE-RLP (ECF No. 66 - Order Granting in Part and Denying in Part Defendant Hatcher's Motion to Dismiss…)(D. Haw. January 30, 2012).Defendant owed no legal duty to protect the plaintiff from the copyright infringement of others. As such, Defendant has demonstrated a meritorious defense to Plaintiff's cause of action.

As outlined above, Defendant has several meritorious defenses to Plaintiff's negligence cause of action, including federal preemption, CDA immunity, and lack of a legal duty. In addition to these defenses, it remains unclear whether a jury would consider the actions complained of by plaintiff to constitute negligence, nor whether these acts would be considered the legal cause of the injuries complained of by Plaintiff. Taken together, these defenses satisfy the second prong of the Rule 55 analysis, and Defendant respectfully requests the opportunity to argue these issues fully in the context of a Motion to Dismiss.

**C.     Plaintiff Will Not Be Prejudiced by Setting Aside Default**

The final factor to be considered in evaluating a motion under Rule 55 is whether reopening the default would prejudice the Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Insurance Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001). Instead, the "standard is

whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. As stated in *Thompson v. American Home Assurance Company,* "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" 95 F.3d 429, 433-34 (6th Cir. 1996).

Plaintiff herein has not suffered any cognizable prejudice like that described above. Assuming that Plaintiff's claim survives a motion to dismiss, Plaintiff will have ample opportunity to conduct discovery and this case can proceed normally. Now apprised of the claims against him and represented by counsel, Defendant will not cause any additional delays and may, in fact, be able to dispose of the case via Motion to Dismiss under Rule 12, as described in Section B, above. Defendant's counsel is prepared to submit such a motion within seven days of this court's order setting aside entry of default, if the court is willing to do so. Plaintiff herein served the instant complaint just over two months ago, and a little over a month has passed since Defendant's deadline to answer. This period is quite short in the context of a motion to vacate entry of default or default judgment, and this Plaintiff has frequently waited months or even years before filing suit against individual defendants in these types of suits.

**D.  The Instant Complaint is Improper Under Rule 15 and Defendant Has Not Been Properly Served Under Rule 4**

As noted above, a motion for relief from default may also be granted where defendant demonstrates defects in the service of process, even if the Defendant received actual notice of the suit. *Carimi v.Royal Caribbean Cruise Line, Inc.*, 959 F. 2d 1344, 1345 (5th Cir. 1992); see *SEC v. Internet Solutions for Business Inc.*, 509 F. 3d 1161, 1165-1166 (9th Cir. 2007).

This matter suffers from two problems regarding process and service of process. First, the complaint that Plaintiff attempted to serve on Defendant was illegitimate, since the Plaintiff failed to request and receive leave of the court before filing. Rule 15 allows a party to amend its pleadings **ONCE** as a matter of course, and "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" *F.R.C.P. 15*. Here, Plaintiff filed its original complaint on August 3 (ECF No. 1), and filed an Amended Complaint on September 28, 2012 (ECF. No. 6). Finally, apparently without seeking leave of the court (and

certainly without permission of Defendant), Plaintiff filed a second amended complaint naming defendant on May 10, 2012 (ECF No. 27). As such, the documents purportedly served on Defendant were improper from the outset, and should not form the basis of a default judgment.

Second, Federal Rule 4(e)(2)(B) provides that a process serve can effectuate service by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion **who resides there."** (emphasis added). In the instant case, Plaintiff's process server left the instant complaint with Defendant's father, Inta Phimpasouk, who it identified as "Father and Co-Occupant." However, Inta does not reside with the Defendant and was merely visiting on the date of service. Inta, in fact, lives in Champaign, IL. See Phimpasouk Dec. at ¶ 7. As such, Plaintiff's attempted service in this matter does not comport with the requirements of Rule 4(e)(2)(B). In light of the foregoing, Defendant respectfully requests that this court set aside entry of default and allow Defendant an opportunity to defend himself on the merits.

### IV. Conclusion

As noted above, default judgments are among the harshest sanctions available to a court and this circuit has emphasized that default is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk* 739 F.2d at 462. This is especially true where, as here, the defendant was unrepresented at the time of default. Here, the Defendant is prepared to defend this case on the merits and has significant meritorious defenses. Defendant was rightfully confused regarding the status of the present litigation, a confusion that is apparently shared by some within Prenda Law, Inc. Defendant has not acted in bad faith in any way, and Plaintiff will not be prejudiced by setting aside the entry of default in the instant matter.

Based on the foregoing, Defendant respectfully requests that this court set aside the entry of default in this matter, in accordance with its wide discretion under Rule 55. Failure to do so would subject Defendant to judgment for a cause of action that has been summarily dismissed in a similar case and would likely suffer a similar fate in the instant matter, if subjected to scrutiny.

//

//

//

July 26, 2012


Respectfully Submitted,

__/S/ Nicholas Ranallo_____
Attorney for Defendant Phimpasouk
Nicholas Ranallo, Attorney at Law (SBN 275016)
371 Dogwood Way,
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.


     By:___/s/Nicholas Ranallo
Nicholas Ranallo