UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARD DRIVE PRODUCTIONS,

        Plaintiff,

   v.

JOHN DOE and Soukha Phimpasouk,

        Defendants.
_____/

No. C 11-03826 DMR

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

    Defendant Soukha Phimpasouk moves the court pursuant to Federal Rule of Civil Procedure 55 to set aside the default entered against him on June 14, 2012. The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the September 13, 2012 hearing on the motion is hereby VACATED. For the reasons set forth below, the court GRANTS the motion.

**I. Background and Procedural History**

    Plaintiff Hard Drive Productions, Inc. ("Hard Drive") filed this action on August 3, 2011. It initially brought suit against 130 Doe defendants for copyright infringement and related civil conspiracy for illegally downloading and distributing its copyrighted motion picture, "Amateur Allure – Natalia." (Complaint.) Hard Drive amended its complaint on September 28, 2011. Subsequently, it filed an Ex Parte Application for Expedited Discovery seeking leave to take discovery to ascertain the identities of the unknown alleged infringers. On November 16, 2011, the

court granted Hard Drive leave to take expedited discovery as to Doe No. 1, and severed and dismissed the remaining 129 Doe defendants from the action as improperly joined. [Docket No. 13.]

On May 10, 2012, Hard Drive filed a Second Amended Complaint. [Docket No. 27.] It did so without seeking leave of the court or obtaining consent from the defendant. The amended complaint identified Soukha Phimpasouk as the individual associated with the Internet Protocol ("IP") address over which Doe No. 1 had allegedly committed his infringement. (Second Am. Compl. ("SAC") ¶¶ 4, 6.) The Second Amended Complaint alleged that Phimpasouk was negligent in failing to secure his internet connection and knowingly allowing Doe's infringement to take place over his IP address. (SAC ¶¶ 57-67.)

On May 22, 2012, a process server attempted to serve Phimpasouk by leaving the summons and the Second Amended Complaint with Inta Phimpasouk, identified as defendant's "father and co-occupant" on the proof of service filed by Hard Drive. (Proof of Service [Docket No. 31]; Def.'s Opp'n 5.)[1] On May 23, 2012, the process server mailed the summons and the Second Amended Complaint to Phimpasouk's residence. (Proof of Service). After Phimpasouk failed to respond to the Second Amended Complaint, Hard Drive moved for entry of default, which the clerk entered on July 14, 2012. [Docket No. 33.] Phimpasouk now moves to set aside the entry of default.

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) permits a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (brackets in original) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (quotation marks

---

[1] The proof of service does not indicate which version of the complaint Hard Drive attempted to serve on Phimpasouk. (*See* Proof of Service (indicating "Amended Complaint" served).) In his motion, Phimpasouk indicates that it was the Second Amended Complaint. (Def.'s Mot. 5.) As Hard Drive did not dispute this, the court will presume that this event involved the Second Amended Complaint.

2

omitted). The Ninth Circuit has cautioned that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (quotation marks omitted).

Additionally, a court may grant a motion for relief from default where the moving party demonstrates a defect in the service of process. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992). Giving a defendant actual notice of litigation does not by itself constitute valid service of process. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827 SI, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009) (citation omitted). To effectuate service, a party must comply with the requirements of Federal Rule of Civil Procedure 4 or other applicable statutes. *Id.*

### III. Discussion

Phimpasouk argues that the court should set aside the default both because he has not been properly served and because there is "good cause" for setting aside the default. (Def.'s Mot. 12.) Hard Drive opposes the motion. (P.'s Opp'n 4.)

The court finds that Hard Drive's attempts to serve Phimpasouk were defective because both the manner in which Hard Drive attempted to serve Phimpasouk, and the documents with which Hard Drive attempted to effectuate service, failed to comply with the requirements of Rule 4 or California state law. Each of these defects is discussed in turn.

### A. Manner of Service

Rule 4 expressly authorizes a party to effectuate service by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Rule 4 also permits a party to effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The court finds that Plaintiff has not served Phimpasouk in any manner authorized by Rule 4. Hard Drive did not effectuate proper service when its process server left the summons with Phimpasouk's father. Rule 4 authorizes service of process by leaving a copy of the summons and

3

complaint "at the individual's dwelling or usual place of abode with someone . . . *who resides there*." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added). Although Hard Drive's proof of service identifies Inta Phimpasouk as defendant's "father and co-occupant," Phimpasouk has presented uncontroverted evidence that his father resides in Illinois, and was visiting him at the time Plaintiff attempted service. (Decl. of S. Phimpasouk ¶ 7, July 26, 2012.) Thus, Hard Drive did not satisfy the requirements of Rule 4 by leaving the summons and complaint with Phimpasouk's father.

Hard Drive responds that Defendant Phimpasouk "was serviced [sic] twice by first class mail on May 23, 2012 . . . and July 12, 2012." (P.'s Opp'n 8.) However, service was not properly effected when Hard Drive mailed Defendant the summons and complaint.

Rule 4 permits service procedures that comply with state law. Fed. R. Civ. P. 4(e)(1). California law authorizes service by mail. Cal. Civ. Proc. Code § 415.30. A party effecting service in this manner must mail the defendant copies of the summons and complaint, with a request that the defendant acknowledge it has received them. *Id*. If defendant signs the acknowledgment and returns it to the sender, the service is effective. Cal. Civ. Proc. Code § 415.30(c). If defendant does not sign the acknowledgment, the service is not effective. *Id*. However, a defendant that declines to sign and return the acknowledgment or fails to do so within 20 days then becomes liable for the costs that the serving party incurs in any further attempts it makes to serve the defendant. Cal. Civ. Proc. Code § 415.30(d).

Here, it appears that Hard Drive simply mailed the summons and complaint to Phimpasouk. There is no indication on Hard Drive's proof of service or anywhere else in the record that it received an acknowledgment of receipt from Phimpasouk. Accordingly, its attempts to serve Phimpasouk by mail did not satisfy the requirements of California law for service of process.

**B.     Content of Service**

Rule 4 and California state law each require that the person being served receive a copy of both the summons and the complaint. *See* Fed. R. Civ. P. 4(e)(2); Cal. Civ. Proc. Code §§ 415.10-30. The court finds that Hard Drive did not satisfy this requirement because it did not serve Phimpasouk with a legally operative complaint.

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a complaint once "as a matter of course," if certain other conditions are met. Fed. R. Civ. P. 15(a)(1). Thereafter, a

4

party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If a party cannot amend a pleading as of right, and files it without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect. *Taa v. Chase Home Fin., L.L.C.*, 5:11-CV-00554 EJD, 2011 WL 4985379, at *1 (N.D. Cal. Oct. 19, 2011) (citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003)); *see also Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). An amended complaint that is improperly filed without leave of court or consent of the opposing party does not supersede the original. *Taa v. Chase Home Fin., LLC*, 5:11-CV-00554 EJD, 2012 WL 507430, at *1 (N.D. Cal. Feb. 15, 2012) (citing *Murray*, 132 F.3d at 612).

Here, Hard Drive attempted to serve Phimpasouk with a copy of the summons and its Second Amended Complaint. However, Hard Drive filed its Second Amended Complaint without Phimpasouk's consent or leave of court. As a result, the Second Amended Complaint was not legally operative when Hard Drive attempted to serve it, nor is it the legally operative complaint now.[2] Because Hard Drive did not serve Phimpasouk with the operative complaint, its attempted service was defective. Accordingly, the court concludes that Phimpasouk has not been properly served.

Because the court deems the Second Amended Complaint inoperative, it does not reach the merits of Phimpasouk's argument that there is good cause to set aside the default. To determine whether there is good cause, the court would need to determine, among other things, whether Phimpasouk has a meritorious defense. *Signed Personal Check*, 615 F.3d at 1091. At this time, however, there are no legally operative allegations against which Phimpasouk must defend. It is only in the Second Amended Complaint that Hard Drive identifies Phimpasouk as a defendant and that it includes an allegation of negligence -- the only allegation it has made against Phimpasouk. (*See* First Am. Compl.) Absent legally operative allegations against Phimpasouk, the court is unable to determine the merits of his defense.

**IV. Conclusion**

---

[2] The court hereby strikes the Second Amended Complaint.

For the reasons provided above, the court grants the motion to set aside the default entered against Soukha Phimpasouk.

IT IS SO ORDERED.

Dated: September 13, 2012



_____
DONNA M. RYU
United States Magistrate Judge